## CHARLES F. GREENWOOD

*v.*

## DeKALB COUNTY.

1. BOUNTY—*resolutions for, construed.* A resolution of a board of supervisors, for the payment of a bounty of $100 to all residents of the county who had enlisted in the military service of the United States under either of the calls for 300,000 men, or under the call for 200,000, or who should enlist up to a given day, passed in February, 1864, does not apply to and embrace volunteers who enlisted prior to these calls.

2. A subsequent resolution extending the bounty provided in the prior resolution "to all who have enlisted in the service of the United States for the period of three years, prior to this date," was *held* only to embrace volunteers from the county, and only such as had volunteered under the two calls named in the prior resolution, and not one who had enlisted in 1861.

3. SAME—*consideration necessary to promise to pay.* A resolution of a board of supervisors, promising to pay a bounty to persons who had previously enlisted in the military service of the United States in the late civil war, without any assurance of a bounty before enlisting, will create no indebtedness, for want of a consideration to support the promise, and for the want of legal authority in the board to make the same.

4. SAME—*volunteer must be credited to the county.* The act of January 18, 1865, in relation to the payment of bounties by counties to volunteers in the military service of the United States, only authorized the levy of a tax to pay indebtedness that had been or might be incurred for bounties to volunteers who had or should enlist, and be credited to the quota of the county. Therefore, a declaration in a suit against a county to recover such bounty is fatally defective if it does not aver that the plaintiff's enlistment was credited to the county.

APPEAL from the Circuit Court of De Kalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

Messrs. KELLUM & CARNES, for the appellant.

Mr. R. L. DEVINE, and Mr. JNO. J. McKINNON, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action, brought by appellant, to recover a bounty of $100 claimed to be due from the county of De Kalb

to appellant under resolutions passed by the board of supervisors. To the declaration defendant filed a demurrer, which the court sustained, and rendered judgment for defendant, and to reverse that judgment plaintiff brings the record to this court and assigns error.

The declaration avers that plaintiff enlisted in the military service of the United States on the 16th of September, 1861, for the term of three years, for which he claims he is entitled to the bounty of $100 provided for in the resolutions of the board of supervisors.

The resolutions relied on to create the liability are, first, one adopted on the 14th day of December, 1863, which is referred to by resolution of the board of the 23d of February, 1864, which is as follows:

" Whereas, at an adjourned meeting of this board, held on the 14th day of December, A. D. 1863, it was by said board resolved that a bounty of $100 be appropriated and paid to each resident of DeKalb county that has or may enlist under the last call for 300,000 volunteers, and that such bounty apply only to a number of volunteers sufficient to fill the quota of the county, under the present call; and whereas, another call has been made, requiring an additional 200,000 volunteers, and that the number of volunteers that have enlisted since said calls, and resolution of said board appropriating said $100 bounty, is more than sufficient to fill the first call, and many of whom are re-enlisted veterans who have received no bounty under previous calls; therefore,

"*Resolved,* That the bounty of $100, in accordance with the above mentioned resolution, be extended to all who have enlisted under said calls, or shall enlist up to March 1, A. D. 1864, or until said quotas are filled."

On the 13th day of May, 1864, the board adopted this resolution:

"*Resolved,* That the terms of the resolution passed by this board on the 23d day of February, A. D. 1864, in regard to the payment of bounty, be extended to all who have enlisted

in the service of the United States for the term of three years prior to this date."

The most cursory examination of the resolutions of the 14th of December, 1863, and of the 23d of February, 1864, shows they only related to volunteers to fill the two calls, one of 300,000 and the other of 200,000 men. By no possible construction can they be made to apply to volunteers enlisted prior to these calls. The language specifically limits the bounty to them, and excludes thereby all previous calls, and as appellant had enlisted in 1861, he was not embraced in these resolutions. Of this there can be no doubt.

Was he, then, embraced in the resolution of the 13th of May, 1864?

A fair and reasonable construction of that resolution would seem to require that it was only intended to apply to volunteers under these and not under previous calls. The resolution is loosely drawn, and it must be construed to ascertain its meaning. It will be observed that it applies, if literally understood, to all who had enlisted in the United States service for three years prior to that date. It does not in terms limit the enlistment to persons entering into the military service, to the militia service, to persons in this State or any city or county of the State, and yet no one will contend that it was designed to give the bounty to persons enlisting in the regular army, or in the volunteer service from any other portion of the State outside of their county. It would be absurd to so hold. They, then, must have intended only to embrace volunteers from their own county, although they did not so, in terms, limit the resolutions.

If, then, such was their intention, what portion of those so enlisting were embraced? They refer to the resolution of the 23d of February, 1864, and extend its provisions to three-year volunteers, and we have no doubt it was intended to and did only embrace such persons of that county as had enlisted under the calls named therein. We are strengthened in this construction by referring to the act of January 18, 1865.

(Private Laws, p. 100.) That act only authorizes the board to levy a tax to discharge and pay indebtedness then incurred or which might thereafter be created or incurred on account of any appropriation which had been or might thereafter be made for the payment of bounties to volunteers who had been mustered into the service of the United States, or might be thereafter, and had been or might thereafter be credited to the county, and section 6 of the act declares taxes then levied for the purpose to be valid.

It will be observed that this law only authorizes the levy of a tax to pay indebtedness that had been or might be incurred for bounties to volunteers. It nowhere appears that the county had incurred any indebtedness to persons who volunteered for three years in 1861. If appellant volunteered at that time, without any resolution promising him a bounty, there was none, not the slightest duty or obligation, legal or moral, on the part of the county, to pay him any bounty whatever, and even if this resolution in terms had embraced him, it would have created no indebtedness, because there was no consideration to support the promise, and for the further reason that the board had no legal authority to make such promise or an appropriation to pay it.

We are aware that decisions may be found which seem to be adverse to this conclusion, but we do not regard them of binding authority, nor are we inclined to follow them.

The board has no power to appropriate money to individuals, however meritorious, as a donation, or for any purpose not authorized by law.

Again, that act only authorizes the board to levy and collect a tax to pay indebtedness for volunteers who had or should enlist, and be credited to the quota of the county. There is no averment that appellant's enlistment was credited to the quota of the county. In this the declaration was, if for no other reason, fatally defective.

The court below did not err in sustaining the demurrer, and the judgment must be affirmed.    *Judgment affirmed.*